IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SHAWN M. SILLS, an Individual,              )
                                            )
                        Plaintiff,          )
                                            )
vs.                                         )          No. CIV-10-113-C
                                            )
FEDERAL DEPOSIT INSURANCE                   )
CORPORATION, in its capacity as             )
Receiver for First State Bank of Altus,     )
Altus, Oklahoma,                            )
                                            )
                        Defendant.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed pro se the present action against the Federal Deposit Insurance
Corporation (FDIC), acting as Receiver for First State Bank of Altus (FSB), seeking
injunctive relief and monetary damages. Defendant then filed the present Motion to Dismiss
for Failure to State a Claim.

## I.  BACKGROUND

On May 11, 2007, Plaintiff borrowed $562,512.12 from FSB to purchase a thirty-five
acre lot (Lot) in Colorado from Mountain Adventures Properties Investments (MAPI). (Pl.'s
Compl., Dkt. No. 1, ¶ 9.)  The specific arrangements of this loan are unclear and disputed.
Plaintiff alleges the arrangement was for FSB to make the interest payments on the loan until
the land was sold, then the outstanding loan balance would be paid off, and Plaintiff would
receive the remaining funds from the sale as payment for use of his credit. (Id. ¶ 8.)
Defendant asserts Plaintiff's alleged conditions to the loan are not substantiated in writing

and therefore cannot be used to bind Defendant or diminish its interests. (Id. ¶ 9; Def.'s Br., Dkt. No. 6, at 3.) During this time, Plaintiff also borrowed $125,487.83 from MAPI as a supplemental loan to purchase the Lot. (Pl.'s Compl., Dkt. No. 1, ¶ 9.) These loans remained in good standing for two years, but on June 30, 2009, Plaintiff's credit report indicated Plaintiff defaulted on an $80,000 loan from "1st State Bank." (Id. Exh. 3.) Plaintiff alleges he did not enter into this loan. (Id. ¶ 10.)

On July 31, 2009, the Oklahoma State Banking Commissioner closed FSB, and the FDIC was appointed Receiver of FSB. (Id. ¶¶ 2, 3.) Thereafter, Plaintiff timely filed a claim with the FDIC, as Receiver, for $700,000—the amount lent to buy the Lot—alleging that FSB had fraudulently loaned Plaintiff this amount and improperly reported it to a credit bureau. (Id. Exh. 4.) The FDIC denied Plaintiff's claim. (Id. Exh. 5.) In its letter denying Plaintiff's claim, the FDIC noted the Plaintiff's failure to provide requested additional information supporting his claim. (Id.) Plaintiff asserts he did not receive this request. (Id. ¶ 22). On February 4, 2010, Plaintiff filed, pro se, the present action against the FDIC claiming damages of either $700,000 or injunctive relief voiding all of Plaintiff's loans with FSB.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)). Rule 8(a) does not require detailed factual allegations, but it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). Contrary to the general pleading standard, a heightened pleading is required under Rule 9(b) when a plaintiff alleges fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); <u>Andrews v. Heaton</u>, 483 F.3d 1070, 1076 (10th Cir. 2007).

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, ___ U.S. at ___, 129 S. Ct. at 1949. A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions—"a formulaic recitation of the elements of a cause of action will not do . . . ." <u>Twombly</u>, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. <u>Alvarado v. KOB-TV, L.L.C.</u>, 493 F.3d 1210, 1215 (10th Cir. 2007); <u>Pace v. Swerdlow</u>, 519 F.3d 1067, 1072 (10th Cir. 2008). A court is not bound to accept as true a plaintiff's legal assertions. <u>Iqbal</u>, ___ U.S. at ___, 129 S. Ct. at 1949–50. A pro se plaintiff's pleadings are to be "'construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,'" but this allowance does not result in a court taking on "the responsibility of serving as the litigant's attorney in constructing

arguments and searching the record." <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005) (<u>quoting</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### III. DISCUSSION

In his Complaint, Plaintiff concludes he is entitled to relief because, "[the] FSB[] and by extension, Defendant FDIC engaged in the practice of predatory lending by inducing Plaintiff to take out a mortgage loan under terms that were predatory, unaffordable, and unconscionable. Such mortgage loan is presumptively unfair and fraudulent." (Pl.'s Comp., Dkt. No. 1, at 3.) This assertion of fraud is a legal conclusion not entitled to an assumption of truth. <u>See</u> <u>Iqbal</u>, ___ U.S. at ___, 129 S. Ct. at 1950. Plaintiff's Complaint does not specify the facts or basis for relief sufficient to allow Defendant fair notice of the claim or the grounds for this claim. Plaintiff's conclusions that he is entitled to relief due to a nondescript wrong by Defendant fails to satisfy Rule 8's standards for pleading.

Even if Plaintiff had more expressly pleaded fraud against the FDIC, this Court agrees with Defendant that the Complaint would not state sufficient facts to support a claim enforcing, under 12 U.S.C. § 1823, the alleged arrangement against Defendant. Section 1823 requires the following: that the agreement be in writing; that it was executed by the depository institution contemporaneously with the acquisition of the asset; that it was approved by the depository bank's board of directors or loan committee with such approval reflected in meeting minutes; and that the agreement be on record from the time of its execution.

Plaintiff produced no documentation that his alleged understanding was in fact the arrangement, nor has Plaintiff alleged the remaining Section 1823(e) requirements were met. See FDIC v. Oldenburg, 34 F.3d 1529, 1550 (10th Cir. 1994); Okla. Radio Assocs. v. FDIC, 987 F.2d 685, 690–92 (10th Cir. 1993); FDIC v. Roldan Fonseca, 795 F.2d 1102, 1106–07 (1st Cir. 1986). Even if Plaintiff had intended to plead fraud, his Complaint would not satisfy the heightened pleading requirement under Rule 9(b). Plaintiff's Complaint does not set forth sufficient facts to raise a right to relief above the speculative level or law to allow Defendant fair notice of the claim or the grounds for this claim asserted against it.

Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. No. 6) is GRANTED, WITHOUT PREJUDICE. If Plaintiff elects to amend his Complaint, it must be filed within twenty days of the date of this Order.

IT IS SO ORDERED this 13th day of September, 2010.

ROBIN J. CAUTHRON
United States District Judge